UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LED ONE DISTRIBUTION, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>C.S. KOIDA LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-4315-PJH<br><br>**ORDER GRANTING MOTION TO VACATE DEFAULT** |

    Before the court is the motion of defendants C.S. Koida LLC and Jin Choi for an order vacating the default entered by the clerk on November 14, 2016.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

    A federal court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  The same standard is used to determine whether a default should be vacated as is used to determine whether to set aside a default judgment under Federal Rule of Civil Procedure 60(b), except that in the Rule 55(c) context, courts have greater discretion and can apply the standard more liberally because there is no interest in the finality of the judgment.  U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1.

    In determining whether good cause exists, the court considers (1) whether the plaintiff will be prejudiced, (2) whether the defendant had a meritorious defense, and (3) culpable conduct of the defendant led to the default.  Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011).  The court finds that these factors favor

granting the motion to vacate the default.

First, LED One has not shown that it will be prejudiced by the setting aside of the default.  Indeed, LED One states in its opposition that "[w]ith respect to the request to vacate the default, LED One does not take a substantive position."

Second, LED One does not challenge defendants' argument that, based on certain facts set forth in their motion, they have a meritorious defense to the lawsuit.  The court need not determine whether the facts constituting the defense are true; it is sufficient that the defendants present facts, which if true, would constitute a defense.  <u>Mesle</u>, 615 F.3d at 1094.

Third, LED One does not argue that defendants engage in culpable conduct.  In general, "a defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and <u>intentionally</u> failed to answer.  <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 697 (9th Cir. 2001).  In this context, the term "intentionally" means that he movant acted in bad faith, "such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'"  <u>Mesle</u>, 615 F.3d at 1092 (quoting <u>TCI Group</u>, 244 F.3d at 697).  Defendants have explained their failure to file a timely response to the complaint in terms that suggest excusable neglect, and LED One has not argued or made any showing that defendants acted in bad faith.

The court notes that along with the motion to vacate the entry of default, defendants have moved for an order compelling arbitration.  The court will rule on that motion on the papers and will issue an order as soon as reasonably possible.

**IT IS SO ORDERED.**

Dated:  January 10, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge