UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LED ONE DISTRIBUTION, INC.,

    Plaintiff,

    v.

C.S. KOIDA LLC, et al.,

    Defendants.

Case No. 16-cv-4315-PJH

**ORDER DENYING MOTION TO COMPEL ARBITRATION**

Before the court is defendants' motion to compel arbitration. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

## INTRODUCTION

This is a case alleging breach of contract and fraud, and related common-law causes of action, filed by plaintiff LED One Distribution, Inc. ("LED One"), against defendants C.S. Koida LLC ("Koida") and Jin Choi ("Choi"). LED One is a California corporation. Koida is a Delaware limited liability company, with its principal place of business in New Jersey. LED One alleges in the complaint that Choi is "the owner" of Koida.

The complaint was filed on July 29, 2016. LED One asserts that Koida failed to pay for orders of lighting products it ordered and received from LED One, during the period from November 2013 until December 2014; and that between January 2015 and November 2015, Koida continued to place orders for lighting products with LED One, and also failed to pay for those orders. Cplt ¶¶ 12-17.

LED One alleges that on March 6, 2015, Choi executed a Personal Guaranty, pursuant to which he unconditionally agreed to be responsible for timely payment of any and all amounts owing by Koida. LED One claims that the execution of this Personal Guaranty induced it to continue to extend credit to Koida. Cplt ¶¶ 18-20. However, Koida and Choi did not bring the account current, and the past-due balance continued to grow. By the beginning of August 2015, Koida allegedly owed LED One over $2.6 million – an increase of approximately $1.5 million in just six months. See Cplt Exh. 2.

Koida agreed to grant LED One a limited and conditional security interest in Accounts Receivable from eight of Koida's customers. LED One has attached a copy of the August 26, 2015, Limited and Contingent Security Agreement ("the Security Agreement") as Exh. B to the Declaration of Charlie Lyu in opposition to the present motion to compel arbitration.

Under the Security Agreement, the creation of the security interest was contingent on Koida failing to reduce the balance on its account with LED One to an amount less than $1 million by the end of November 2015. Lyu Decl. Exh. B ¶ 1. The Agreement created a "continuing security interest" – if the condition precedent for the grant occurred – which would remain in full force and effect until the Koida's debt to LED One was paid in full. Id. ¶ 3.

LED One claims that after August 2015, Koida failed to make any progress towards reducing the amount owing to LED One. As a result, LED One asserts, by early November 2015, the amount Koida owed to LED One had risen to approximately $3.3 million. See Cplt Exh. 2.

In an attempt to maintain Koida's operations so that Koida could pay what it owed, LED One entered into a joint venture with Koida, under the name of CS Koida N.Y. ("CSKNY"). A copy of the "Joint Management Agreement" between Koida (not Choi) and LED One, dated November 13, 2013, is attached as Exh. B to the present motion. The Joint Management Agreement states that it was formed "pursuant to the Laws of the State of New York." It provides that "[t]he business of the Venture shall be conducted

under the name of CS Koida NY, Inc. ("CSKNY"), and that "[t]he share of CSKNY would be 100% owned by" LED One. The principal place of the Venture is New York.

According to defendants, the purpose of this Agreement was to "restructure" Koida's debt to LED One. They assert that the entity created by the Agreement – CSKNY – would assume control of Koida's operations, employees, and equipment in the Tri-State area, and the resulting revenues would be used to satisfy Koida's existing debt to LED One.

LED One contends, however, in its opposition to the present motion, that the intent was that the joint venture would take over Koida's operations in the New York metropolitan area, and use the gross revenues to pay LED One for the products it purchased after the execution of the Joint Management Agreement. Additionally, the Agreement provided that Koida's portion of net revenues (50%) would be applied to pay down the pre-Agreement balance of Koida's account with LED One.

To ensure that LED One received payment from the joint venture, the parties agreed that LED One would own and control the operations of the joint venture, which would continue until the outstanding pre-joint venture balance of Koida's account with LED One was paid in full. However, LED One asserts, the Joint Management Agreement did not supersede Koida's obligation to pay for the unpaid orders, and also did not supersede the Guaranty or the Security Interest.

Section 3.10 of the November 2015 Joint Management Agreement provides that "[a]ny controversy or claim arising out of or relating to this agreement shall only be settled by arbitration in accordance with the rules of the American Arbitration Association." In addition, § 3.11 provides that the Agreement shall be construed in accordance with New Jersey law, and § 3.12 states that the Courts of New Jersey shall have exclusive jurisdiction over any dispute or controversy regarding the subject matter of the Agreement, with exclusive venue in the County of Union, State of New Jersey."

Defendants seek an order compelling arbitration under § 3.10 of the Joint Management Agreement, of the claims asserted against them in the present action.

**DISCUSSION**

A.  Legal Standard

Under the Federal Arbitration Act ("FAA"), "[a] party to a valid arbitration agreement may 'petition any United States district court for an order directing that such arbitration proceed in the manner provided for in such agreement.'" Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004) (quoting 9 U.S.C. § 4). When such a request is made, the court must determine whether an arbitration agreement exists and whether it encompasses the dispute at issue. See id. at 1012; see also Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Nevertheless, a motion to compel arbitration should be denied if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT & T Techs., Inc. v. Commc'n Workers, 475 U.S. 643, 650 (1986).

B.  Defendants' Motion

Defendants seek an order requiring arbitration of the dispute in this case pursuant to the arbitration provision in the November 13, 2015, Joint Management Agreement between Koida and LED One.

The FAA allows a district court to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement. 9 U.S.C. § 3. Here, defendants have not brought a motion to stay the case pending arbitration. They simply argue that the court "must order the plaintiff to arbitrate this matter pursuant to the agreement entered into between the parties." Motion at 9.

In ruling on a motion to compel arbitration under 9 U.S.C. § 4, the district court's role is typically limited to determining whether (i) an agreement exists between the parties to arbitrate; (ii) the claims at issue fall within the scope of the agreement; and (iii) the agreement is valid and enforceable. Lifescan., 363 F.3d at 1012.

The "first principle" that underlies the U.S. Supreme Court's arbitration decisions is that "[a]rbitration is strictly a matter of consent" and thus "is a way to resolve those disputes – but only those disputes – that the parties have agreed to submit to arbitration." Granite Rock Co. v. Int'l B'hd of Teamsters, 561 U.S. 287, 299 (2010) (quotations and citations omitted); see also First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). Thus, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute." Granite Rock, 561 U.S. at 297 (citations omitted).

Here, the only agreement that includes an arbitration clause is the Joint Management Agreement. Defs' Motion, Exh. B, ¶ 3.10. That arbitration clause provides that "[a]ny controversy or claim arising out of or relating to this agreement shall only be settled by arbitration in accordance with the rules of the American Arbitration Association." Id. (emphasis added). However, the dispute at issue – the dispute raised by the complaint in this action – does not arise from or relate to the Joint Management Agreement.

The Joint Management Agreement creates a joint venture between Koida and LED One, resulting in a new entity known as CSKNY, which is to be owned 100% by LED One. The venture is to continue until Koida "completely fulfills payoff for the pending A/R to LED One." During that time, CSKNY will take over the business of "CSKLI" – which is not defined in the Agreement, but may be a reference to Koida. In any event, once the payoff is completed, ownership of CSKNY will be transferred to Koida. The Agreement does not clearly define "pending A/R," but it appears to be a reference to the amount owed by Koida to LED One as of the date of the Agreement.

The gist of the complaint in the present action is that Koida breached its agreement to pay for the lighting products it ordered and received from LED One, and that Choi breached the Personal Guaranty, pursuant to which he agreed to pay Koida's liabilities and obligations to LED One in connection with the lighting products it ordered and received from LED One. The remaining causes of action all relate to, e.g., Koida's

ordering of lighting products from LED One, and failure to pay for those products; Koida's and Choi's alleged inducement of LED One to continue shipping lighting products to Koida and to continue extending credit to Koida; and misrepresentations allegedly made by Koida and Choi to LED One with regard to Koida's ability to pay for the lighting products it ordered from LED One.

While the Joint Management Agreement may represent an attempt to recover some or all of the same unpaid amounts LED One is seeking to recover from Koida and Choi in this action, it did not abrogate Choi's Personal Guaranty and includes no provision rescinding any of Koida's obligations to pay the accounts receivable for lighting products ordered by Koida and received from LED One.  Thus, this action is not a "controversy or claim arising out of or relating to" the Joint Management Agreement. Because the Joint Management Agreement is the only agreement that contains an arbitration provision, there is no agreement to arbitrate this particular dispute.

Finally, as for LED One's argument that the arbitration provision cannot be reconciled with the forum-selection clause, the court notes that none of the authority cited by either side is from the Ninth Circuit.  In any event, because the court finds that the parties did not agree to arbitrate the dispute that forms the basis of the complaint in this action, LED One's argument in this regard is irrelevant.

## CONCLUSION

In accordance with the foregoing, defendants' motion to compel arbitration is DENIED.  A case management conference will be scheduled by separate clerk's notice. The parties shall file a *joint* case management conference statement seven days prior to the conference.

**IT IS SO ORDERED.**

Dated:  February 15, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge