# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

LED ONE DISTRIBUTION, INC.,

    Plaintiff,

    v.

C.S. KOIDA LLC, et al.,

    Defendants.

Case No. 16-cv-4315-PJH

**ORDER DENYING MOTION TO TRANSFER CASE TO DISTRICT OF NEW JERSEY; ORDER VACATING HEARING DATE**

Before the court is the motion of defendants and counterclaimants C.S. Koida ("Koida") and Jin Choi ("Choi") to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

## BACKGROUND

Plaintiff LED One Distribution, Inc. ("LED One") filed this action against Koida and Choi on July 29, 2016, asserting claims of breach of contract, fraud/misrepresentation, breach of the implied covenant of good faith and fair dealing, unjust enrichment, account stated, goods and services delivered, and quantum valebant. LED One is a California corporation, with its principal place of business in Fremont. It manufactures and sells light emitting diode ("LED") lighting products. Koida is a Delaware limited liability company, with its principal place of business in New Jersey. Choi, a New Jersey resident, is the "owner" or "manager" of Koida.

Koida began purchasing LED lighting products from LED One in November 2013.

LED One alleges that from November 2013 to December 2014, Koida paid each invoice for the lighting products it ordered and received from LED One, but that in about January 2015, Koida ceased remitting payment for the merchandise it had received. Cplt ¶¶ 12-17. As a result, LED One became hesitant to continue providing lighting products to Koida.

On March 6, 2015, Choi executed a Personal Guaranty, pursuant to which he unconditionally agreed to be responsible for timely payment of any and all amounts owing by Koida. This allegedly induced LED One to continue to extend credit to Koida and to continue to ship products to Koida. Cplt ¶¶ 18-20 & Exh. 1. The Personal Guaranty also stated that "[t]his guaranty shall be governed by and interpreted and enforced in accordance with the laws of the State of California." Cplt. Exh. 1, § VI. However, notwithstanding Choi's execution of the Personal Guaranty, Koida and Choi did not bring the account current, and the past-due balance continued to grow. By the beginning of August 2015, Koida owed LED One over $2.6 million, and by early November 2015, the amount Koida owed to LED One had risen to approximately $3.3 million. See Cplt ¶ 14, Exh. 2.

On November 13, 2015, in an attempt to maintain Koida's operations so that the amounts owing would be paid, LED One and Koida entered into a "Joint Management Agreement," referred to by the parties as the "Joint Venture Agreement" ("JV Agr."). The Joint Venture Agreement was formed "pursuant to the Laws of the State of New York." JV Agr. ¶ 1.1. It provides that "[t]he business of the Venture shall be conducted under the name of CS Koida NY, Inc. ("CSKNY"), and that "[t]he share of CSKNY would be 100% owned by" LED One. JV Agr. ¶ 1.2. The principal place of the Venture is New York. JV Agr. 1.3. The Agreement also contains a provision requiring the parties to arbitrate "[a]ny controversy or claim arising out of or relating to" the Joint Venture Agreement. JV Agr. ¶ 3.10. Finally, the Joint Venture Agreement provides that it "shall be construed in accordance with the laws of the State of New Jersey." JV Agr. ¶ 3.11. And, "in the event of a dispute or controversy with regard to the subject matter of this

2

1 Venture Agreement, the courts of the State of New Jersey shall have exclusive
2 jurisdiction, and exclusive venue shall lie in the County of Union, State of New Jersey."
3 JV Agr. ¶ 3.12.

On July 29, 2016, LED One filed the complaint in this action, in an attempt to recover the amounts owed to it by Koida and Choi. LED One alleges that Koida breached its agreement to pay for the lighting products in purchased ("the Unpaid Orders") and that Choi breached the Guaranty by failing to pay for the Unpaid Orders. Cplt ¶¶ 26-30; 37-40.

On August 8, 2016 (approximately 10 days after the present case was filed in this district), Choi, Koida, and another entity called Smart LED Corp. ("Smart LED"), also allegedly owned by Choi, filed a complaint in the Superior Court of New Jersey, Union County, against LED One, alleging breach of the Joint Venture Agreement and other state-law and common-law claims. LED One removed that case to the District of New Jersey on August 19, 2016, alleging diversity jurisdiction. See Koida v. LED One, C-16-5095-JMV (D.N.J.).

On September 7, 2016, Choi, Koida, and Smart LED filed a motion in the New Jersey case seeking an order compelling arbitration, or in the alternative, to remand the case to the New Jersey state court (based on the Agreement's forum-selection clause), and LED One filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). On September 19, 2016, LED One filed an opposition to the motion to compel arbitration and alternative motion to remand, and a "cross motion to transfer the case" to the Northern District of California pursuant to the first-to-file rule. On October 21, 2016, the New Jersey court entered a text order stating it would first rule on the motion to compel arbitration, and that it was administratively terminating the motion to dismiss. As of May 12, 2017, the New Jersey court has not ruled on the motion to compel arbitration.

Meanwhile, on November 11, 2016, LED One filed a motion in the present case for entry of default as to Choi, and a second motion for entry of default as to Koida, neither of whom had responded to the complaint. Default was entered, but on November 19, 2016,

3

1    defendants filed a motion to vacate the default, and in the same papers, a motion to
2    compel arbitration.
3        On January 10, 2017, the court issued an order vacating the default. On February
4    15, 2017, the court issued an order denying the motion to compel arbitration, on the basis
5    that while there was an arbitration provision in the Joint Venture Agreement, that
6    Agreement did not give rise to the claims asserted in the complaint in this action (and
7    indeed, was not even mentioned in the complaint). Thus, the court found, the parties had
8    not agreed to arbitrate the claims arising from the Unpaid Orders and the Guaranty.
9        On March 7, 2017 (approximately three weeks after this court denied the motion to
10   compel arbitration), defendants in this case filed an answer to the complaint, and a
11   counterclaim alleging that LED One had breached the November 2015 Joint Venture
12   contract when it ceased operating CSKNY and also asserting a claim for an accounting, a
13   claim of breach of the implied covenant of good faith and fair dealing, a claim of breach of
14   the duty of loyalty, and a claim of intentional interference with business relationships
15   (Koida's relationships with its business clients). LED One filed its answer to the
16   counterclaim on March 28, 2017.
17       Now before the court is the motion of Koida and Choi to transfer this case to the
18   District of New Jersey, pursuant to 28 U.S.C. § 1404(a).

**DISCUSSION**

A.  Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding a motion to transfer venue, the district court must consider each of the factors enumerated in § 1404(a) – whether the action could have been brought in the proposed transferee district, the convenience of the parties, the convenience of the witnesses, and the interests of justice. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The defendant has the burden to show that the action should be transferred under § 1404(a). Id. at 497-99; see also Commodity

4

Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

If the action could have been brought in the transferee venue, the court then must determine if the defendant has made a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" by considering private factors relating to "the convenience of the parties and witnesses" and public factors relating to "the interest of justice," including "the administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (internal quotation marks omitted). The district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones, 211 F.3d at 498 (citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

Courts in this district commonly examine the following factors to determine convenience and fairness under § 1404(a): (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the ease of access to the evidence, (5) the familiarity of each forum with the applicable law, (6) the feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. See Williams v. Bowman, 157 F.Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing Jones, 211 F.3d at 498-99). Courts may examine all these factors, but "[n]o single factor is dispositive." Ctr. for Biological Diversity v. Kempthorne, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008). Instead, the weighing of the factors for and against transfer is best left to the discretion of the trial judge." Ventress v. Japan Airlines, 486 F.3d 1111, 1118 (9th Cir. 2007).

B. Defendants' Motion

Defendants argue that the case should be transferred to the District of New Jersey because "[t]he gravamen of the controversy between the parties is based on the second agreement" (presumably referring to the Joint Venture Agreement, which gives rise to the defendants' counterclaim, and also forms the basis of the New Jersey action). Defendants note that the Joint Venture Agreement contains choice of law and venue

1  provisions stating that venue shall be in New Jersey and that New Jersey law shall apply
2  to the matter.

3  Defendants also note that they allege in their counterclaim that LED One has
4  failed to provide an accounting of the revenue and profits generated by CSKNY, and that
5  LED One has not operated "this company" (presumably CSKNY) in good faith. They
6  argue generally that because the Joint Venture Agreement provides that profit from
7  CSKNY is to be applied to satisfy the defendants' liabilities to LED One, and because
8  those liabilities serve as the basis for LED One's complaint, "it is clear" that most of the
9  evidence and witnesses for all the parties' claims and defenses are located in the New
10 York/New Jersey area.

11 With regard to the "convenience" factors, defendants concede that the first factor –
12 plaintiff's choice of forum – favors LED One. They contend that the second factor –
13 convenience of the parties – is neutral, because plaintiff is located in this district and
14 defendants are located in or near the District of New Jersey.

15 Defendants argue that the third and fourth factors – convenience of witnesses and
16 ease of access to evidence – favor transfer, because "most of the witnesses and
17 documents in this matter reside in the East Coast." They assert that unidentified
18 "employees, independent contractors and customers" all reside in the New Jersey area,
19 and it will be inconvenient to require those witnesses to fly across the country. They
20 contend that the factual dispute involving "the debt on the first contract" does not require
21 testimony of individuals from California, as it is mainly a document analysis which
22 "probably just requires a custodian of records from a bank at trial (assuming the parties
23 are unable to stipulate to monies received by the [d]efendants and product loaned by
24 [p]laintiff)."

25 Defendants assert further that factors three and four must be afforded the greatest
26 weight. "After all," defendants assert, "without witness testimony and access to
27 documents, a matter will not truly be decided on the merits." They add that requesting
28 defendants to produce witnesses in the Northern District of California "will require

1  substantial expenses, including travel costs and subpoena enforcement."  Thus, they

2  contend, those two prongs weigh heavily in favor of transferring the case to the District of

3  New Jersey.

4  Defendants assert that the fifth factor – familiarity of each forum with the

5  applicable law – favors transfer.  They contend that the relevant applicable law under the

6  "first contract" is "general contract law.  They claim that the New Jersey court "will not be

7  challenged in this type of analysis.  They argue that the "second prong contract" will

8  require the court to apply New Jersey law to "a more complex fact pattern."  They

9  contend that the District of New Jersey court will "presumably" be more familiar with New

10 Jersey law than the Northern District of California.

11 Defendants do not address the sixth factor – feasibility of consolidation with other

12 claims.  They argue that the seventh factor – local interest in the controversy – does not

13 favor either side.  They assert only that "[t]his matter involves private and public

14 interests."  They contend that the eighth factor – relative court congestion and trial time in

15 each forum – also does not favor either side.  They note that LED One previously cited

16 statistics showing that there is less "congestion" in the Northern District of California than

17 in the District of New Jersey, but they claim that it is "only by a negligible amount."

18 LED One makes two main arguments in opposition to defendants' motion – that

19 under the "first-to-file" rule, this case should remain in this court, and that the § 1404(a)

20 transfer analysis weighs in favor of this court retaining the case in California.

21 The "first-to-file rule" is a "generally recognized doctrine of federal comity which

22 permits a district court to decline jurisdiction over an action when a complaint involving

23 the same parties and issues has already been filed in another district." Pacesetter Sys.,

24 Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).  Under this doctrine, when two

25 or more cases are filed in courts of concurrent jurisdiction, the court that first acquired

26 jurisdiction should try the lawsuit. Id. at 95; see also Apple Inc. v. Psystar Corp., 658

27 F.3d 1150, 1161 (9th Cir. 2011).  A federal district court has discretion to dismiss, stay, or

28 transfer a case to another district under the first-to-file rule. Alltrade, Inc. v. Uniweld

7

1 Prods. Inc., 946 F.2d 622, 628 (9th Cir. 1991).

2       Here, LED One argues that the California action should be considered
3 chronologically first, as it was filed on July 29, 2016, and the New Jersey action was not
4 filed until August 8, 2016.  LED One also asserts that the parties are "substantially
5 similar," as three of the four parties named in the NJ action were also named in the
6 California action (Koida, Choi, and LED One), and the fourth (Smart LED Corp.) is
7 allegedly owned by Choi.   Finally, LED One contends that the cases involve the exact
8 same contracts, and thus, that there is "substantial overlap" between the two suits.

9       LED One argues that if the two suits continue to proceed separately, both courts
10 will have to interpret the terms and obligations of the "Unpaid Orders," the Guaranty, the
11 Security Agreement, and the Joint Venture Agreement, and the same facts, witnesses,
12 discovery, and arguments will be involved.

13       Second, LED One argues that the balance of factors favors denying defendants'
14 motion to transfer this case to NJ.  With regard to the first factor – plaintiff's choice of
15 forum – LED One asserts that its choice of California as a forum should be given
16 deference and that this factor thus favors denying the motion to transfer.  With regard to
17 the second factor – convenience of the parties – LED One asserts that transferring the
18 case to NJ where defendants are located would simply shift the inconvenience to LED
19 One, which is located in California.

20       With regard to the third factor – convenience of the witnesses – LED One
21 contends that defendants have not met their burden of showing that witnesses would be
22 inconvenienced if the case remains in California, as they have not identified any
23 witnesses who might be required to testify.  They assert that in order to carry their burden
24 on this element, defendants should inform the court who the witnesses are, where they
25 are located, what their testimony will be, and why such testimony is necessary.  However,
26 LED One notes, defendants have not identified a single witness by name, have not stated
27 where any witness is located, and have not identified any potential testimony, and have
28 instead relied wholly on unsubstantiated attorney argument.  For its part, LED One

8

asserts that it has already identified two potential California witnesses (in its preliminary disclosures served March 15, 2017)) – Jonathan Chu and Victor Cheng, respectively, the CEO and CFO of LED One – whose testimony it will use to support its claims and defenses. LED One has also included a declaration from Mr. Chu, who explains some of the subjects he and Mr. Cheng will testify about.

With regard to the fourth factor – ease of access to evidence – LED One contends that defendants merely assert, without any evidentiary support, that "documents in this matter reside in the East Coast." However, LED One notes, defendants provide no indication as to what types of documents they are referring to, or what information they contain. Moreover, LED One argues, advances in technology have made it easy to transfer documents from one location to another, and thus, the fact that there might be some (unidentified) documents located on the East Coast is not sufficient to warrant transfer of the case. Finally, LED One asserts, as with the witnesses, it has identified and produced (in its initial disclosures) relevant documents, all of which are physically located in this district (as confirmed by Mr. Chu in his declaration filed in opposition to defendants' motion).

With regard to the fifth factor – familiarity of each forum with the applicable law – LED One argues that the claims related to the Guaranty will (as defendants admit) be governed by California law. As for the claims related to the Joint Venture Agreement, LED One rejects defendants' speculation that this court might have difficulty applying New Jersey law (as required by the Agreement), and argues that this factor does not favor transfer.

With regard to the sixth factor – feasibility of consolidation of other claims – LED One notes that defendants do not dispute this factor, and LED One agrees it is not relevant to this case.

With regard to the seventh factor – local interest in the controversy – LED One rejects defendants' assertion that this factor does not favor either side, and argues that it actually favors denying transfer because California has a strong interest in the action

given that LED One is incorporated in California and has its principal place of business in this judicial district (in Fremont). Moreover, the claims regarding the "Unpaid Orders" and the Guaranty are governed by California law, and LED One asserts that California has a strong interest in adjudicating claims governed by its own law.

With regard to the eighth factor – relative congestion of dockets and time to trial in each forum – LED One claims that its research shows that in 2016, the District of New Jersey had over 11,722 cases pending, while this district had only 8,404. (LED One provides no details regarding how many cases are assigned to each judge.) Further, LED One asserts, the median time from filing to disposition for civil cases in California was 7.3 months, while in New Jersey it was 8 months, and the median time from filing to trial for civil cases in California was 31.2 months, while in New Jersey it was 38.8 months. LED One contends that these differences are not "negligible," and that this factor thus weighs against transfer.

In reply, defendants argue, first, that the venue of first filing is simply one factor the court may consider in determining whether to grant a motion to transfer, and that it is not a rigid or inflexible rule to be mechanically applied. They contend that LED One is attempting to assign more weight to this factor than it warrants, and argue that if courts did the same, motions to transfer under § 1404(a) would almost always be barred, "as they are usually filed in venues where the matter was first filed."

Defendants argue that what the court should consider is the applicable "convenience" factors – in particular, the convenience of witnesses and ease of access to documents. Defendants also contend that the court should consider the convenience of parties, specifically the financial burden on defendants if the case were to remain in California.

With regard to convenience of witnesses, defendants assert that the Joint Venture Agreement transferred Koida's New York Tri-State area resources to the newly created CSKNY. These resources (according to defendants) consisted of a substantial sales force, including 16 individuals whom defendants name. Defendants have also included a

10

declaration by Choi, who names the same 16 employees. Declaration in Support of Reply ("Choi Reply Decl.") ¶ 12. of Defendants add that "[a]t last check, these individuals resided on the east coast." Choi states that CSKNY's sales force "resided in the New York/New Jersey/Connecticut area." Choi Reply Decl. ¶ 11.

Defendants assert that it will be necessary to examine all of these employees, to determine whether the newly created CSKNY operated differently than Koida – an analysis defendants claim is vital to "determine whether [LED One] operated this company in good faith or is purposely limiting the company's resources at the present date." They claim that "[t]he sales staff and management will be material witnesses that the parties must examine under this analysis." Choi states in his reply declaration that "it will be necessary to call the various salespersons and customers of [Koida] and [CSKNY] as witnesses to ascertain information about [CSKNY's] operations." Choi Decl. ¶ 15.

Defendants argue further that "other evidence," such as whether Koida's customers "contracted with the newly created [CSKNY] or the reasons for their failure to do so" will require testimony from "east coast witnesses." Further, they contend, the parties will also need CSKNY's "accounts receivables and other financial documents to ascertain its profits and apply them to offset the outstanding obligations to LED One."

Finally, defendants contend that the costs associated with flying these witnesses, to California will be "substantial" and "may severely impact the [c]ourt's ability to consider the matter on its merits." Moreover, they assert, "there will be a disparity in legal fees in the [p]laintiff's favor if this matter remains in California." They argue further that "[a] prolonged trial will also incur more costs to the [d]efendants as their counsel will have to commute by plane and temporarily reside in a motel during the trial's duration." Defendants claim that because LED One's counsel have offices in Philadelphia, it will not have to incur similar costs if the matter remains in New Jersey.

LED One has filed a separate "objection to reply evidence," in which it objects both to the defendants' filing of the Choi Reply Declaration, and to the arguments made in the reply regarding the 16 potential witnesses and potential documentary evidence

("accounts receivables and other financial documents"), as well as to the arguments regarding the potential disparity in legal fees.

LED One argues that this evidence was improperly submitted for the first time with defendants' reply, not with the defendants' moving papers as it should have been, and thus, LED One has not had an opportunity to respond. Moreover, LED One argues, defendants cannot reasonably assert that this new evidence was required to respond to factual issues raised for the first time by LED One in its opposition. Rather, LED One contends, plaintiff added this information to the reply in an attempt to respond to the errors in their original motion, which LED One pointed out in its opposition – that is, defendants' failure to identify any witnesses or the substance of their proposed testimony, and defendants' failure to identify any documentary evidence that would be more easily accessible if the case were transferred to the District of New Jersey.

Defendants filed a response to LED One's objections, in which they contend that they provided the information regarding potential witnesses as a response to LED One's assertion in its opposition that defendants failed to identify any witnesses who resided in the New York Tri-State area. Defendants state that because they believed it was "unconstested" that CSKNY's employees mainly resided in the New York Tri-State area, they did not include the names of the witnesses in the original motion. Thus, they assert, the names of the witnesses is not "new evidence" but rather "clarification of an existing argument challenged by [LED One]."

The court finds that the motion to transfer must be DENIED because defendants have not met their burden under 28 U.S.C. § 1404(a). As an initial matter, the court finds the "first-to-file" rule to be inapplicable in defending against a motion to transfer. What LED One is really arguing in its opposition is that the court should find that the plaintiff's choice of forum weighs in favor of denying the motion.

As for the "convenience" factors, the first (plaintiff's choice of forum) is undisputed and favors plaintiff, and the parties appear to agree that the sixth (feasibility of consolidation with other claims) has no bearing on the issue. The court finds that the

second (convenience of the parties) factor, fifth (familiarity of each forum with the applicable law) factor, and seventh (local interest in the controversy) factor are all neutral. In particular, defendants' argument regarding the costs they will have to bear if this case remains in California simply amounts to a claim that the convenience should be shifted from plaintiff to defendants.

With regard to the second (convenience of witnesses) factor and the fourth (ease of access to evidence) factor, the court finds that even taking into account the additional evidence that was improperly submitted with the reply, defendants have not sufficiently identified the witnesses or the matters as to which they are likely to testify. All they have done is provide a list of names of employees and refer generally to some vague categories of documentary evidence.

Mr. Choi says in his declaration only that the witnesses will testify regarding "information as to Koida N.Y's operations." There are no details regarding what position each of the witnesses held or holds, what knowledge they have of the business operations which would make them qualified to testify, what aspect of the business operations they will testify about, or what relevance that testimony might have to the present dispute. It is defendants' burden to show that a transfer is warranted, and they have provided no explanation of the substance of the anticipated testimony. See E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994).

Defendants assert in their reply brief that "it will be necessary to examine the witnesses" regarding whether CSKNY "operated differently" than Koida, in order to "determine whether [LED One] operated this company in good faith or is purposely limiting the company's resources at the present date." The court declines to speculate as to what this might mean, but does find that defendants have not provided any information from which the court can determine "the nature and quality of [the proposed witnesses'] testimony in relation to the issues in the case," see Schwarzer, et al., Federal Civil Procedure Before Trial (Rutter 2016 ed.) § 4:733, and further, that defendants' explanation does not appear to have direct relevance to the claims asserted by LED One

13

in the complaint or by defendants in counterclaim.

As for defendants' arguments regarding how expensive it will be for them to litigate here, that is more of an argument that goes to "convenience of the parties." Since LED One is located in Northern California, and defendants are located in New York or New Jersey, it would really be a matter of shifting the convenience from one side to the other, which is not a valid reason for transferring a case. See, e.g., Lax v. Toyota Motor Corp., 65 F.Supp. 3d 772, 776 (N.D. Cal. 2014); Schwarzer, et al., § 4:732.

## CONCLUSION

In accordance with the foregoing, the motion to transfer this case to the District of New Jersey is DENIED. The date for the hearing on the motion, previously noticed for May 17, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: May 12, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge